IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

BRIAN D. COOPER, )
 )
 )
        Plaintiff, )
 )
v. ) Case No. CIV-08-139-FHS
 )
MICHAEL J. ASTRUE, )
Commissioner of Social )
Security Administration, )
 )
        Defendant. )

## REPORT AND RECOMMENDATION

Plaintiff Brian D. Cooper (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 26, 1977 and was 30 years old at the time of the entry of the ALJ's decision. Claimant completed his education through the eighth grade. Claimant has worked in the past as a feed mill worker, construction worker, cabinet installer, delivery truck driver, and grinder. Claimant alleges an inability to work beginning June 1, 2004 due to diabetes mellitus, hypertension, bipolar disorder with obsessive/compulsive disorder,

insomnia, pancreatitis, deep vein thrombosis of the right arm, and hyperlipidemia.

## Procedural History

On August 10, 2004, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act and supplemental security income benefits pursuant to Title XVI of the Social Security Act (42 U.S.C. § 1381, *et seq.*). Claimant's application was denied initially and upon reconsideration. On April 23, 2007, a hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. By decision dated September 20, 2007, the ALJ found that Claimant was not disabled during the relevant period. On February 11, 2008, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while certain of Claimant's medical conditions were severe, Claimant did not meet a listing and retained the residual functional capacity to perform a limited range of light work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) failing to

4

properly evaluate the opinions of a treating physician; (2) failing to adequately develop the record by denying Claimant's counsel's request to order a consultative examination and testing; and (3) arriving at an RFC which is not supported by substantial evidence.

**Treating Physician's Opinion**

Claimant asserts the ALJ failed to consider the opinions of Dr. Jennings, a psychiatrist. Among Claimant's alleged debilitating conditions are the mental impairments of depression and anxiety. On November 29, 2004, Claimant underwent a consultative psychological examination with Dr. Larry Vaught. Dr. Vaught reported Claimant tends to avoid people. He reports conflicts with supervisors and does not like to be supervised once he knows a job. (Tr. 116). Claimant exhibited obsessive/compulsive behavior by constantly counting repetitive activities, some suicidal ideation, and had trouble remembering words. (Tr. 117). Dr. Vaught diagnosed Claimant at Axis I: Dysthymic Disorder, Anxiety Disorder, NOS; Axis II: Avoidant Traits, Obsessive-Compulsive Features; Axis III: Pancreatitis (by Report).

On December 10, 2004, Dr. Sally Varghese completed a Mental Residual Functional Capacity Assessment on Claimant. She found marked limitations in Claimant's ability to understand and remember detailed instructions, ability to carry out detailed instructions,

and ability to interact appropriately with the general public. (Tr. 121-22). Dr. Varghese concluded Claimant could comprehend, remember, and carry out simple one-step instructions and superficially relate to co-workers and supervisors. (Tr. 123).

On June 29, 2004, Claimant began seeing Dr. George Jennings at Green Country Behavioral Health Services, Inc. Dr. Jennings diagnosed Claimant with depression and prescribed medication. (Tr. 189). Dr. Jennings again saw Claimant on July 22, 2004. He diagnosed Claimant with major depression with a possible bipolar component and altered Claimant's medication. (Tr. 188).

For the succeeding year, Claimant was treated by Dr. Jennings with various changes in medication. Claimant enjoyed varying degrees of relief over the period. (Tr. 157-58, 168-75, 178-85, 187).

The record also contains several unsigned reports diagnosing Claimant with major depressive disorder, recurrent, without psychotic features. His GAF is estimated on these reports between 37 and 39. (Tr. 175, 329).

An additional report from Dr. Jennings dated September 1, 2005 showed Claimant to be suffering from depression, anxiety, and anger. He indicated he was depressed 25 percent of the day, lacked energy, and was experiencing short term memory problems. Claimant was diagnosed with major depressive disorder, severe, without

psychotic features. His GAF was estimated at 40. (Tr. 159-167).

On March 6, 2006, Claimant was evaluated by Green Country. He reported depression, anger, and anxiety with manic episodes. He experienced suicidal ideations, and memory and concentration problems. He was ultimately diagnosed with bipolar II disorder and depression. His GAF was found to be 41. (Tr. 304-06).

A treatment plan with Green Country dated October 16, 2006 indicated Claimant had symptoms of anxiety, anger and depression, even more severe than was present in the prior report. His symptoms rated in the "moderate to severe" range. He signed a non-suicidal contract due to his suicidal ideations. (Tr. 335-37).

Claimant apparently attempted suicide around May of 2006. A Green Country report dated May 2, 2006 indicates Claimant was hospitalized with cuts to his wrists and with an overdose of insulin. (Tr. 323). He appeared to get better in the following months then his depression increased as reflected in an August 29, 2006 report from Dr. Jennings. (Tr. 317-18).

A Medical Source Statement of Ability to Do Work-Related Activities (Mental) was completed on October 31, 2006 – one signed by Dr. Jennings and one signed by Claimant's counselor, Tracey Moore. Claimant demonstrated moderate to marked limitations in every category of work related functioning. (Tr. 300-01, 343-44).

In his decision, the ALJ determined Claimant could perform a

limited range of light work. The limitations included simple, repetitive and routine tasks with only incidental contact with the general public. (Tr. 18). The ALJ rejected the Medical Source Statement prepared by Tracey Moore, stating the findings were inconsistent with the medical records and no treating or examining physicians had found Claimant was disabled or had the indicated limitations. (Tr. 24).

The ALJ fails to recognize the Medical Source Statement completed by Dr. Jennings in October of 2006. While it is confusing as to why two seemingly identical reports bear both Ms. Moore's and Dr. Jenning's signatures, the latter report would seem to support Ms. Moore's findings on Claimant's limitations. Clearly, Dr. Jennings qualifies as a treating physician.

In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

8

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id. "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301

(quotations omitted).

The ALJ's statement that no treating physician has rendered an opinion that Claimant suffers from the same marked limitations reflected in Ms. Moore's Medical Source Statement is incorrect. Dr. Jennings did so and his opinion was not considered in the ALJ's decision, requiring reversal and remand for consideration of the opinion.

### Request for Additional Testing

At the hearing, counsel requested that the ALJ order additional testing of Claimant since Dr. Vaught performed no testing. The ALJ did not order further consultative testing. The ALJ acknowledged the request in his decision but found a consultative examination had been performed. He failed to recognize, however, that no testing was done at that time. On remand, the ALJ shall re-evaluate counsel's request for additional testing and order such testing if it is deemed advisable in light of the medical record.

### RFC Assessment

Given the failure to consider the opinion of a treating physician, the ALJ shall consider modification of the RFC he assessed on Claimant. His findings of limitations shall relate directly to medical evidence, as the decision currently in place does not do so.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case be **REMANDED** for further proceedings consistent with this Report and Recommendation. The parties are herewith given ten (10) days from the date of the service of these Findings and Recommendations to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendations within ten (10) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 18th day of September, 2009.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE