```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF OKLAHOMA

BRIAN D. COOPER,                      )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )    No. CIV-08-139-FHS-KEW
                                      )
MICHAEL J. ASTRUE,                    )
Commissioner of Social                )
Security Administration,              )
                                      )
        Defendant.                    )
```

## OPINION AND ORDER

In this action under the Social Security Act, Plaintiff, through his attorney, has moved the court for an award of attorney's fees and costs[1] pursuant to the provisions of the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. In its response, the government states it has no objection to a reasonable fee award in the amount of $5,141.60 and a cost award in the amount of $367.12. The court has reviewed the record in this case, including Plaintiff's application for attorney's fees and costs, and concurs in the stipulation. Consequently, Plaintiff's motion for attorney's fees and costs is granted and the government is ordered to pay Plaintiff's attorney's fees in the amount of $5,141.60 and costs in the amount of $367.12.

This award is to be made payable to Plaintiff, not Plaintiff's

---

[1] Plaintiff has entitled his application as one for attorney's fees and "expenses." The "expense" request is for the costs associated with the filing fee and service. These items are properly recoverable as "costs" pursuant to 28 U.S.C. §§ 1920 and 2412(a)(1). The Court's award of the costs related to the filing fee and service is, therefore, one for "costs" pursuant to these statutory provisions.

1

counsel or jointly to Plaintiff and Plaintiff's counsel, as 28 U.S.C. § 2412(a)(1) and (d)(1)(A) provide for an award of costs and attorney's fees to a "prevailing party." Manning v. Astrue, 510 F.3d 1246, 1249-55 (10th Cir. 2007), cert. denied, 129 S.Ct. 486 (2008)(the plain language of the EAJA, its legislative history, and case law dictate that an award of attorney's fees under the EAJA belongs to, and is made payable to, the prevailing party). Should Plaintiff's counsel ultimately be awarded attorney's fees pursuant to 42 U.S.C. § 406(b)(1), she should take the necessary steps to assure compliance with the refund requirements as outlined in Weakley v. Bowen, 803 F.2d 575, 580 (10th Cir. 1986).

It is so ordered this 8th day of January, 2010.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

2